Filed 8/13/21  In re H.P. CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| In re H.P., a Person Coming Under the Juvenile Court Law. | |
| CONTRA COSTA COUNTY BUREAU OF CHILDREN AND FAMILY SERVICES, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> A.W., <br><br> Defendant and Appellant. | A161414 <br><br> (Contra Costa County Super. Ct. No. J17-00914) |

A.W. (mother), appearing in propria persona, appeals from an order denying her special motion under California's anti-SLAPP (strategic lawsuit against public participation) statute, Code of Civil Procedure section 425.16, to strike the request for a restraining order filed by the social worker in the underlying dependency action. We find no error in the trial court's conclusion that a request for a restraining order under Welfare and Institutions Code[1] section 213.5 is not subject to an anti-SLAPP motion. Accordingly, we shall affirm the order denying her motion.

---

[1] All statutory references are to the Welfare and Institutions Code unless otherwise noted.

## Background

Mother has appeared before this court numerous times in these dependency proceedings. As with her prior submissions, her appellate briefing fails to comply with the rules of court. Her opening brief fails to fairly address the merits of the court's decision and instead rehashes arguments previously rejected by this court, cites to facts outside the appellate record and makes unfocused arguments regarding her First Amendment rights. While the matter could be disposed of on these grounds, we have attempted to respond to mother's concerns insofar as we are able to understand them.

Although the proceedings involving mother's three children are not directly relevant to the order now before us, we provide the following summary for context. In August 2017, mother's three children were removed from her care and a petition was filed by Contra Costa County Children and Family Services Bureau (the bureau) pursuant to section 300, subdivisions (a), (b)(1), (c), and (j). In March 2018, the court sustained the allegations of the petition. The petition involving the oldest sibling was dismissed after the jurisdictional hearing. In January 2020, this court affirmed the court's exercise of jurisdiction over the other two children. (*In re K.P.* (Jan. 21, 2020, A155450) [nonpub. opn.].) In February 2020, this court affirmed the order terminating reunification services as to mother's then nine-year-old daughter and setting a section 366.26 hearing. (*A.W. v. Superior Court* (Feb. 13, 2020, A159048) [nonpub. opn.].) Most recently, in March 2021, this court affirmed the order of the juvenile court terminating reunification services as to mother's then 16-year-old son and selecting a permanent plan of foster care. (*In re H.P.* (Mar. 16, 2021, A159184) [nonpub. opn.].)

In October 2019, the social worker assigned to mother's dependency cases filed an application for a restraining order which alleged that since

being assigned to mother's case in June 2019, mother had sent her, either directly or through mother's putative attorney, numerous threatening emails and texts. The application also alleged that mother made posts online that caused her to fear for her safety. The application alleges that mother posted an article to the California Family Advocate Facebook page with the caption "Child trafficking social workers driving parents to extremes to protect save their children from #CPS sex trafficking." The linked article was titled "Police: Mom killed social worker after custody dispute." The application also alleges that mother uploaded to the same Facebook page a picture of her assigned social worker with horns and information about the social worker's criminal record.

On October 17, 2019, the court granted the social worker's ex parte request for a temporary restraining order and scheduled a hearing on the permanent order for October 30. The hearing was continued repeatedly until August 2020. After testimony at the hearing had commenced, mother filed a motion under the anti-SLAPP statute to strike the restraining order request. Mother's motion was denied following a hearing on October 19, 2020. Mother timely filed a notice of appeal.

**Discussion**

Code of Civil Procedure section 425.16, subdivision (b)(1) provides, "A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." In ruling on a defendant's motion under section 425.16 of the Code of Civil Procedure, the trial court engages in a two-step process.

3

"First, the court decides whether the defendant has made a threshold showing that the challenged cause of action is one arising from protected activity. The moving defendant's burden is to demonstrate that the act or acts of which the plaintiff complains were taken 'in furtherance of the [defendant]'s right of petition or free speech under the United States or California Constitution in connection with a public issue,' as defined in the statute. (§ 425.16, subd. (b)(1).) If the court finds such a showing has been made, it then determines whether the plaintiff has demonstrated a probability of prevailing on the claim. Under section 425.16, subdivision (b)(2), the trial court in making these determinations considers 'the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based.' " (*Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 67.)

The trial court concluded that an application for a restraining order under section 213.5 is not a "cause of action" subject to a special motion to strike. Alternatively, the court found that even if the statute applies, mother had not satisfied her burden of establishing grounds for relief. We review de novo the trial court's rulings on an anti-SLAPP motion, including whether the anti-SLAPP statute applies to the challenged claim. (*Thomas v. Quintero* (2005) 126 Cal.App.4th 635, 645.)

Section 213.5, subdivision (a) provides: "After a petition has been filed pursuant to Section 311 to declare a child a dependent child of the juvenile court, and until the time that the petition is dismissed or dependency is terminated, upon application in the manner provided by Section 527 of the Code of Civil Procedure . . . , the juvenile court has exclusive jurisdiction to issue . . . an ex parte order enjoining any person from molesting, attacking, striking, stalking, threatening, sexually assaulting, battering, harassing,

4

telephoning, including, but not limited to, making annoying telephone calls as described in Section 653m of the Penal Code, destroying the personal property, contacting, either directly or indirectly, by mail or otherwise, coming within a specified distance of, or disturbing the peace of the child's current or former social worker . . . ." Under section 213.5, subdivision (c)(1), "If a temporary restraining order is granted without notice, the matter shall be made returnable on an order requiring cause to be shown why the order should not be granted, on the earliest day that the business of the court will permit, but not later than 21 days or, if good cause appears to the court, 25 days from the date the temporary restraining order is granted. . . ." Following the noticed hearing, "[a] restraining order granted pursuant to this subdivision shall remain in effect, in the discretion of the court, no more than three years, unless otherwise terminated by the court, extended by mutual consent of all parties to the restraining order, or extended by further order of the court on the motion of any party to the restraining order." (§ 213.5, subd. (d)(1).)

As noted above, the anti-SLAPP statute allows for a special motion to strike to be filed against any "*cause of action* against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue . . . ." (Code Civ. Proc., § 425.16, subd. (b)(1), italics added.) The term "cause of action" as used in the anti-SLAPP statute includes a claim, complaint, action, cross-complaint and petition. (*Thomas v. Quintero, supra*, 126 Cal.App.4th at p. 646.) Because an application for a restraining order under section 213.5 is only a motion in the context of dependency proceedings, it is not cause of action within the meaning of the anti-SLAPP statute.

5

*Thomas v. Quintero, supra*, 126 Cal.App.4th at page 652, in which the court held that a petition for a civil harassment restraining order pursuant to Code of Civil Procedure section 527.6 is subject to attack by a special motion to strike under the anti-SLAPP statute, is distinguishable.[2] In that case, the court explained that "facially the anti-SLAPP statute applies to 'petitions' and no exception is made for one filed under the civil harassment statute (§ 527.6)" and that "in other contexts several courts have treated section 527.6 petitions as causes of action, actions, or lawsuits." (*Id*. at pp. 646-647, citing *Schraer v. Berkeley Property Owners' Assn*. (1989) 207 Cal.App.3d 719, 732 [referring to the procedure to adjudicate a petition under section 527.6 as " 'in effect a highly expedited *lawsuit* on the issue of harassment' "].) Although Code of Civil Procedure section 527.6 is similar in structure to section 213.5, the statutes differ in critical respects. Unlike applications under section 527.6, an application for a restraining order under

---

[2] Code of Civil Procedure section 527.6 provides in relevant part: "(a) . . . A person who has suffered harassment as defined in subdivision (b) may seek a temporary restraining order and an order after hearing prohibiting harassment as provided in this section. [¶] . . . [¶] (d) Upon filing a petition for orders under this section, the petitioner may obtain a temporary restraining order in accordance with Section 527, except to the extent this section provides an inconsistent rule. The temporary restraining order may include any of the restraining orders described in paragraph (6) of subdivision (b). A temporary restraining order may be issued with or without notice, based on a declaration that, to the satisfaction of the court, shows reasonable proof of harassment of the petitioner by the respondent, and that great or irreparable harm would result to the petitioner. [¶] . . . [¶] (g) Within 21 days, or, if good cause appears to the court, 25 days from the date that a petition for a temporary order is granted or denied, a hearing shall be held on the petition. . . . [¶] . . . [¶] (i) At the hearing, the judge shall receive any testimony that is relevant, and may make an independent inquiry. If the judge finds by clear and convincing evidence that unlawful harassment exists, an order shall issue prohibiting the harassment."

6

section 213.5 may be filed only within the context of a pending dependency proceeding. Code of Civil Procedure section 527.6, subdivision (h) authorizes "respondent [to] file a response that explains, excuses, justifies, or denies the alleged harassment, or [to] file a cross-petition under this section" and subdivision (s) provides for an award of costs and attorney fees to the prevailing party. No such provisions are found in section 213.5, indicative of the fact that section 213.5 is not an independent cause of action.

At oral argument, mother strenuously disputed the allegations on which the temporary restraining order was based and claimed that she has unfairly suffered as a result of that order. However, the merits of that order are not now before us, the time for appealing from that order having expired before she filed her notice of appeal, and that notice referring explicitly only to the order denying the ant-SLAPP motion. At the time mother filed her notice of appeal, the application for a permanent restraining order was still pending before the trial court. Mother's concerns can and presumably will be considered in connection with that proceeding.

## Disposition

The order denying mother's motion to strike is affirmed.


POLLAK, P. J.


WE CONCUR:

TUCHER, J.
BROWN, J.


7